KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GWENDOLYN BROWN on behalf of herself
and her infant daughter, J.T.,

                Plaintiffs,

          -against-

THE CITY OF NEW YORK and P.O.s "JOHN
DOE" #1-15 (said names being fictitious, as the
true names are presently unknown), Individually
and in their Official Capacities,

                Defendants.
-------------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiffs Gwendolyn Brown and J.T., an infant proceeding b/h/m/n/g Gwendolyn

Brown, by and through their attorney, Kim E. Richman, complaining of the defendants,

based upon information and belief, respectfully allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

The City Of New York and P.O.s "John Doe" #1-15 (said names being fictitious, as the

true names are presently unknown), as Officers of the New York City Police Department,

all acting under color of state law and pursuant to their authority, in violation of

1

Plaintiffs' rights, as said rights are secured by said statutes and the Constitution and laws of the United States of the State of New York.

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

3.      Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      At all times relevant hereto, Plaintiffs were residents of Manhattan County located in the Southern District of New York.[1]

---

[1] Plaintiffs now reside in the State of Florida. Plaintiff J.T. is and was at all relevant times in the care and custody of her parent and natural guardian, Plaintiff Brown.

7.     At all times relevant hereto, Defendant City of New York ("City") was and is a municipality of the State of New York and operates, manages, directs and controls the New York City Police Department ("NYPD"), which employs the other named Defendants.

8.     At all times relevant to this action, Defendants P.O. "John Doe" #1-15 were and are police officers employed by the NYPD and acting under color of state law.

9.     At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10.     Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11.     This action stems from the unlawful arrests of Plaintiffs Gwendolyn Brown and J.T. that were undertaken in the absence of probable cause on or about August 3, 2012.

12.     In August 2012, Plaintiff Ms. Brown lived on Lexington Ave with her daughter, Plaintiff J.T., who was then 11 years of age, as well as her two sons.

13.    At about 6 a.m. on or about August 3, 2012, approximately five (5) Defendant officers in gang unit attire broke down Plaintiff Ms. Brown's front door, with their weapons drawn.

14.    Plaintiffs Ms. Brown and J.T. were sleeping in the living room. Ms. Brown was nude and J.T. was wearing only her underwear.

15.    Defendants pointed their weapons in Plaintiff Ms. Brown's direction and handcuffed Plaintiffs Ms. Brown and J.T.

16.    Plaintiff Ms. Brown asked for a search warrant, but Defendants never produced a warrant. Defendants yelled that they were looking for Plaintiff Ms. Brown's sons.

17.    Defendants broke down Plaintiff's sons' locked doors and searched their rooms. Defendants purportedly found a small amount (less than 28 ounces) of marijuana in a room occupied by one of Plaintiff's sons.

18.    No contraband was recovered from any common area in which Plaintiffs were present, nor was there any cause to suspect that Plaintiffs were in possession of any contraband or otherwise engaged in any unlawful activity.

19.    Defendants then ordered Plaintiffs to put their clothes on and removed Plaintiffs' handcuffs. Despite pleading for privacy to put their clothes on, the officers kept their weapons pointed at Plaintiffs and did not allow them any privacy.

20.    After getting dressed, Plaintiff Ms. Brown was again placed in handcuffs by Defendants.

21. Plaintiffs were taken to an NYPD facility identified as PSA5 and Plaintiff Ms. Brown was separated from Plaintiff J.T. in a separate cell and not allowed to have contact with her daughter.

22. Plaintiffs were released at approximately 12:00 p.m. on August 3, 2012, and were never charged with any crime or violation.

23. As a result of the aforementioned violations of their civil rights, Plaintiffs Ms. Brown and J.T. were subjected to the humiliation of being arrested and led away in full public view in front of their community and family, resulting in damage to their esteem and reputation within the community.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

24. Plaintiffs Gwendolyn Brown and J.T. repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities by the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

30.     By these actions, Defendants have deprived Ms. Brown and Plaintiff J.T. of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: ## FALSE ARREST UNDER 42 U.S.C. § 1983

31.     Plaintiffs Gwendolyn Brown and J.T. repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

32.     As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

33.     As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing and other physical restraints, without probable cause.

34.     As a result of their false arrest, Plaintiffs were subjected to humiliation, ridicule and disgrace before their neighbors and peers.  Plaintiffs were discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

35.     Plaintiffs Gwendolyn Brown and J.T. repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

36.     Defendants falsely arrested Plaintiffs despite a complete lack of cause against to do so, notwithstanding their knowledge that such actions would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

37.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

38.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

39.     The aforementioned customs, policies, usages, practices, procedures and Defendant City included, but were not limited to a policy of arresting all occupants of a home during a search without having probable cause as to each individual and without evidence of criminal activity.

40.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiffs' constitutional rights.

7

41. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiffs as alleged herein.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

45. Defendant City, as municipal policymaker in the training and supervision of Defendants P.O. "John Doe" #1-15, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights as secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the Constitution and laws of the State of New York.

46. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
          March 18, 2013


                              Respectfully submitted,


                              Kim E. Richman, Esq.
                              REESE RICHMAN LLP
                              875 Avenue of the Americas, 18th Floor
                              New York, NY 10001
                              (212) 643-0500 (telephone)
                              (212) 253-4272 (facsimile)

                              *Attorney for Plaintiff*